IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BENJAMIN K. FRANKLIN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-184 (MTT) |
| THE CITY OF WARNER ROBINS, et al., | ) |
| Defendants. | ) |

## ORDER

Defendants the City of Warner Robins ("the City") and Sergeant Timothy Pippio move for summary judgment on pro se plaintiff Benjamin Franklin's 42 U.S.C. § 1983, 42 U.S.C. § 1985, intentional infliction of emotional distress ("IIED"), and Georgia Open Records Act claims. Doc. 26. For the following reasons, the defendants' motion for summary judgment (Doc. 26) is **GRANTED** as to Franklin's § 1983 and § 1985 claims. The Court declines to exercise supplemental jurisdiction over Franklin's IIED and Georgia Open Records Act claims.

## I. BACKGROUND[1]

On March 16, 2023, the Twiggs County Sheriff's Office, with help from other law enforcement, was operating a DUI checkpoint at Exit 27 on I-16 East. Docs. 26-2 ¶ 3; 26-3 ¶ 3; 28 at 26:7-9, 23, 27:5-6. This checkpoint was a part of Twiggs County's "Operation Wrong Exit" in which "[a]ll cars that took that exit … were stopped." Doc. 26-2 ¶¶ 3, 6. Franklin, an African American male, was the first to take that exit during the checkpoint on that day and was stopped. *Id*. ¶¶ 1-3, 6.

"A Twiggs County deputy asked [Franklin] for his driver's license." *Id*. ¶ 4. Franklin then "asked to speak with a supervisor." *Id*. ¶ 7. Pippio, a Warner Robins Police Department Sergeant, "was standing nearby and asked what was going on." *Id*.

---

[1] Unless otherwise stated, all facts are undisputed. Cognizant of Franklin's pro se status, following the defendants' motion for summary judgment, the Court advised Franklin of his duty to respond to the motion, including the admonitions that he could not rely on the pleadings but instead must present evidence to establish a genuine issue of material fact and must provide his own statement of material facts and respond to the defendants' statement of facts. Doc. 29. Despite this notice, Franklin's response failed to meet these requirements. Doc. 30. Franklin did not separately respond to the defendants' asserted facts with citations to the record, and he failed to provide his own statement of material facts that adequately cited to the record. Rather, Franklin, in his response brief, restates facts from his complaint and quibbles with the defendants' version of events. *Id*. Even in his stricken surreply, Franklin failed to respond to the defendants' statement of facts and again restated facts from his complaint with no evidentiary support. Doc. 35. Although Franklin attached exhibits to his response and stricken surreply, he does not cite to them in his response and those documents are irrelevant to the defendants' statement of facts. Docs. 30-1; 30-2; 30-3; 35-1; 35-2; 35-3; 35-4. Thus, Franklin has "fail[ed] to properly support an assertion of fact [and] fail[ed] to properly address [the defendants'] assertion of fact as required by [Fed. R. Civ. P.] 56(c)," and, accordingly, "the court may … consider [those] fact[s] undisputed for purposes of the motion," pursuant to Rule 56(e)(2). Moreover, pursuant to Local Rule 56, those material facts asserted by the defendants, "which [Franklin has] not specifically controverted by specific citation to particular parts of materials in the record," are deemed to be admitted. M.D. Ga. L.R. 56 ("All material facts contained in the movant's statement [of material facts] which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate."). However, the Court has still "review[ed] … the record to 'determine if there is, indeed, no genuine issue of material fact.'" *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (quoting *United States v. One Piece of Real Prop.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004)). And despite the deficiencies in Franklin's response, because Franklin is proceeding pro se and because summary judgment would lead to dismissal of his claims with prejudice, the Court has fully analyzed Franklin's claims for relief regardless of these failings and insufficiencies in his response. *United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). Therefore, if evidence in the record shows that a fact is disputed, the Court draws all justifiable inferences in Franklin's favor for purposes of summary judgment.

¶ 8.  Franklin told Pippio "he asked to speak with a supervisor."  *Id*. ¶ 9.  Pippio informed Franklin "he was a supervisor and then said loudly, '[b]uddy, you're barking up the wrong tree.'"  *Id*.  Franklin did not respond.  *Id*.  The Twiggs County deputy then returned Franklin's license after it was reported he was "good."  *Id*. ¶ 11.  Franklin did not receive a citation and law enforcement did not search his vehicle.  *Id*. ¶ 12.

Franklin filed this lawsuit on May 24, 2023 against Pippio in his individual and official capacities and against the City, alleging Fourteenth Amendment equal protection, procedural due process, and substantive due process[2] claims, brought pursuant to 42 U.S.C. § 1983; 42 U.S.C. § 1985 conspiracy claims; and IIED claims.[3]  Doc. 1 at 10-15.  He also alleges the City violated the Georgia Open Records Act.  *Id*. at 15-16.  The defendants now move for summary judgment on each of Franklin's claims.  Doc. 26.

## II. STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is not genuine unless, based on the evidence presented, "a reasonable jury could return a verdict for the nonmoving party."  *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th

---

[2] The defendants incorrectly state that it is "unclear whether [Franklin] is attempting to recover for an alleged violation of his right to procedural or substantive due process."  Doc. 26-1.  Franklin states in his complaint: "Plaintiff's Due Process was violated, both procedurally and substantively."  Doc. 1 at 11.

[3] The Court notes that Franklin filed another lawsuit in this Court the same day based on the same facts against different defendants.  *Franklin v. Twiggs Cnty., Ga.*, No. 5:23-cv-183-TES, Doc. 1 (M.D. Ga. May 24, 2023).  That case was dismissed.  *Franklin v. Twiggs Cnty., Ga.*, 2023 WL 4566055 (M.D. Ga. July 17, 2023).

Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437-38 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Rather, "the moving party simply may 'show[ ]—that is, point[ ] out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Id*. at 1438 (quoting *Celotex*, 477 U.S. at 324) (alterations in original). Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id*.

The burden then shifts to the nonmoving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324). The nonmoving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable or is not significantly probative' of a disputed fact." *Id*. (quoting *Anderson*, 477 U.S. at 249-50). Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), "the court may … consider the fact undisputed for purposes of the motion[.]" Fed. R. Civ. P. 56(e)(2). However, "[c]redibility determinations, the weighing of the evidence, and the

drawing of legitimate inferences from the facts are jury functions, not those of a judge … [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### III. DISCUSSION[4]

**A. Claims Against Pippio**

Pippio argues he is entitled to summary judgment because (1) Franklin's claims against him in his official capacity are redundant, and (2) he is entitled to qualified immunity on Franklin's § 1983 and § 1985 claims brought against him in his individual capacity. Doc. 26-1 at 7-14. The Court agrees.

*1. Official Capacity Claims*

When a police officer is sued in his official capacity, the suit is just "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). "Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (stating that keeping both the City and officers sued in their official capacities was redundant); *Manning v. City of Atlanta*, 2007 WL 1630715 at *3-4 (N.D. Ga. June 1, 2007) (holding that plaintiff's claims against city

---

[4] Franklin's response only addresses his substantive due process, § 1985 conspiracy, and *non-existent* Fourth Amendment claims against Pippio. *See generally* Doc. 30. He does not respond to the City's arguments. Franklin has thus abandoned his § 1983 and § 1985 claims against the City, as well as his equal protection and procedural due process claims against Pippio, and the defendants are entitled to summary judgment on those claims. *See Coal. For the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000); *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014). However, considering Franklin's pro se status, the Court will nonetheless address the merits of the defendants' arguments regarding all of Franklin's § 1983 and § 1985 claims. The Court further notes that these deficiencies would not be cured even if Franklin's stricken surreply was considered—that brief also ignores most of the defendants' arguments. *See generally* Doc. 35.

police officers "effectively merge" with his claims against the city because "[w]hen a city officer is sued under § 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Graham*, 473 U.S. at 165); *Tucker v. City of Decatur*, 2005 WL 8158054, at *1, 3 (N.D. Ala. Nov. 7, 2005) (applying this rule to § 1985 claims).

Because Franklin has also named Warner Robins, Pippio's employer, as a defendant, Pippio's motion for summary judgment as to this issue is **GRANTED** and Franklin's § 1983 and § 1985 claims against Pippio in his official capacity are **DISMISSED** as redundant.

*2. Qualified Immunity*

The doctrine of qualified immunity "offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Although qualified immunity provides government officials with a formidable shield, their entitlement to raise that shield is not automatic … the official bears the initial burden of raising the defense of qualified immunity by proving that he was acting within his authority." *Est. of Cummings v. Davenport*, 906 F.3d 934, 940 (11th Cir. 2018). "'Once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply.'" *Edwards v. Shanley*, 666 F.3d 1289, 1294 (11th Cir. 2012) (quoting *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009)). Because Franklin

could not reasonably argue that Pippio was acting outside the scope of his discretionary authority, Pippio is entitled to raise the shield of qualified immunity.[5]

To overcome a qualified immunity defense, Franklin must show that (1) the facts, viewed in his favor, establish a statutory or constitutional violation; and (2) Pippio violated clearly established law at the time of the alleged violation.  *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019).  This two-step analysis may be done in whatever order is deemed most appropriate for the case.  *Lewis*, 561 F.3d at 1291 (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

Because Franklin has failed to show that Pippio violated his rights under the Constitution or § 1985, Pippio is entitled to qualified immunity.

                a. Fourteenth Amendment procedural due process

"[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) [government] action; and (3) constitutionally-inadequate process."  *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).  As noted, Franklin failed to address his procedural due process claim in his response, and the record reveals no basis for the claim.  Pippio did not arrest Franklin; Pippio did not search Franklin's vehicle; Pippio did not give Frankin a citation.  Doc. 28 at 34:6-7.  Franklin identifies no deprivation of process, and the Court can discern none.  Accordingly, Franklin has failed to show that Pippio violated his procedural due process rights.

---

[5] Franklin argues Pippio's "involvement was outside the scope of his duties as he presented himself as a supervisor and part of the check when in fact his name does not appear on the list of officers authorized to do the sobriety check."  Doc. 30 at 4.  Regardless of the relevance of this list, Pippio did not perform a sobriety check.  Docs. 26-4 ¶¶ 6-7, 9; 28 at 28:3-5, 30:14-32:15.

b. Fourteenth Amendment "substantive due process"

In his *brief*, Franklin contends there was no "probable cause for the stop" and that he "has established that he was in fact deprived of his fundamental rights under the U.S. Constitution concerning illegal search and seizure." Doc. 30 at 2, 6. Franklin perhaps attempts to raise a claim under the Fourth Amendment, which has been incorporated and applied to the states through the Fourteenth Amendment.[6] *See Mapp v. Ohio*, 367 U.S. 643 (1961); *Bailey v. United States*, 568 U.S. 186, 192 (2013). But Franklin's *complaint* did not allege a Fourth Amendment claim and made no mention of "probable cause" or "search and seizure," and the Court denied Franklin's motion to amend to add a Fourth Amendment claim for futility and undue delay.[7] Docs. 1; 21; 40; *see Mich. Dep't of State Police v. Sitz*, 496 U.S. 444, 455 (1990) (holding "random" DUI checkpoint stops are "consistent with the Fourth Amendment"); *United States v. Holloman*, 113 F.3d 192, 195 (11th Cir. 1997) ("The Supreme Court has decided that properly implemented roadblocks may withstand constitutional scrutiny."). Franklin cannot use his brief to raise a new claim. *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006) (holding a plaintiff cannot assert a new claim in a response to a motion for summary judgment).

In sum, Franklin made bare statements regarding substantive due process in his complaint and further muddied the waters when he made irrelevant arguments as to a

---

[6] Pippio argues Franklin was never seized. Doc. 34 at 4. Although ultimately irrelevant here, that is not true—"[t]he law is settled that in Fourth Amendment terms a traffic stop entails a seizure of the driver 'even though the purpose of the stop is limited and the resulting detention quite brief.'" *Brendlin v. California*, 551 U.S. 249, 255 (2007) (quoting *Delaware v. Prouse*, 440 U.S. 648, 653 (1979)).

[7] Franklin moves for reconsideration of the Court's Order denying him leave to amend, citing his discovery of an Eleventh Circuit case. Doc. 41 (citing *Sylvester v. Fulton Cnty. Jail*, 94 F.4th 1324 (11th Cir. 2024)). The facts of that malicious prosecution case are entirely irrelevant to the facts here, and his motion for reconsideration of the Court's Order (Doc. 41) is **DENIED**. *Sylvester*, 94 F.4th at 1329.

"Fourth Amendment claim" in his brief, and, thus, he has abandoned his substantive due process claim. Accordingly, Franklin has failed to show that Pippio violated his Fourteenth Amendment "substantive due process" rights.

### c. Fourteenth Amendment equal protection

The Fourteenth Amendment's equal protection clause prohibits the government from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. It thus "requires the government to treat similarly situated persons in a similar manner." *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). "To establish an equal protection claim, a [plaintiff] must demonstrate that (1) 'he is similarly situated with other [individuals] who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (quoting *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)); *Mann v. Joseph*, 805 F. App'x 779, 785 (11th Cir. 2020). The Supreme Court has "made clear that '[p]roof of racially discriminatory intent or purpose is required' to show a violation of the Equal Protection Clause*." City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 194 (2003) (quoting *Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977)).

Franklin did not directly address his equal protection claim. *See generally* Doc. 30. But he does state that "[t]he only reason for stopping [his] van had to do with" his race, and that

> [t]here were other cars taking the exit, but the Plaintiff was singled out even though his van was clearly marked as medical transportation. Defendant provides no support for his statement that all cars were stopped taking that exit. Defendant presents no affidavits, no testimony

>from other officers, no camera footage.  He simply makes a statement that has no basis in fact.

*Id*. at 2.  As a preliminary matter, Pippio was not involved in stopping Franklin's vehicle, and thus the analysis of Franklin's equal protection claim against Pippio could stop there.  The Court nonetheless continues.

Beyond his bare assertions, Franklin failed to provide any evidence of racially discriminatory intent on Pippio's part.  Moreover, Franklin's own testimony contradicts his argument—he testified that he "didn't see any other cars on the … exit ramp."  Doc. 28 at 29:20-24.  Nothing in the record casts doubt on Pippio's testimony that "all vehicles taking that exit during Operation Wrong Exit were stopped."  Doc. 26-4 ¶ 5.  Indeed, the Operation Wrong Exit summary *filed by Franklin* provides, "[i]deally, all motorists entering the checkpoint are stopped and questioned."  Doc. 30-1 at 13.  Accordingly, Franklin has failed to show that Pippio violated his Fourteenth Amendment equal protection rights.

       d. Section 1985

To succeed on his § 1985[8] claim, Franklin must prove that "(1) defendant[] [Pippio] engaged in a conspiracy; (2) the conspiracy's purpose was to directly or indirectly deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the laws; (3) a conspirator committed an act to further the conspiracy; and (4) as a result, the plaintiff suffered injury to either his person or his property, or was deprived of a right or privilege of a citizen of the United States." *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010); *Johnson v. City*

---

[8] Franklin does not specify under which subsection he is bringing his § 1985 claim.  *See generally* Docs. 1; 30.  Both the Court and the defendants construe it as a § 1985(3) claim because the other subsections have no relevance here.  Doc. 26-1 at 12 n. 1.

*of Fort Lauderdale, Fla.*, 126 F.3d 1372, 1379 (11th Cir. 1997) (quoting *United Bhd. of Carpenters and Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983)).

In support of his § 1985 conspiracy claim, Franklin merely states Pippio's "qualified immunity was stripped when he became a coconspirator with the Officer who did the stop to violate the constitutional rights of the Plaintiff." Doc. 30 at 5. But, as noted, the record reveals no violation of Franklin's constitutional rights. Nor does the record show that Pippio conspired with anyone to deprive Franklin of any right. Accordingly, Franklin has also failed to establish a § 1985 violation against Pippio.

### e. No violation of a "clearly established" right

Because Pippio did not violate Franklin's constitutional or statutory rights, it is not necessary for the Court to consider the "clearly established" prong of the qualified immunity analysis. *Melton v. Abston*, 841 F.3d 1207, 1223, 1225 (11th Cir. 2016) ("Because [the defendant] did not violate [the plaintiff]'s constitutional rights, we need not reach the second prong of the qualified immunity inquiry."). But it is helpful. Franklin simply states, in a conclusory fashion: "[Pippio] violated clearly established constitutional rights of the Plaintiff as to search, and seizure and a citizen's right to security of his person and possessions" and "[Pippio] clearly violated the established law in reference to documents of the sobriety stop." Doc. 30 at 3, 5. Beyond these blanket statements, Franklin does not—and cannot—point to any Eleventh Circuit, Georgia Supreme Court, or United States Supreme Court case to support his arguments that Pippio violated clearly established law.[9]

---

[9] A right becomes "clearly established" in three ways. *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005). First, Franklin can show that a materially similar case has already been decided, consisting of binding precedent by the United States Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court. *Id*. Second, Franklin can show that a broader clearly established principle should

-11-

In sum, as Franklin readily admits, Pippio had absolutely no involvement in conducting the stop of Franklin's vehicle.  *Id*. at 2.  Pippio's only interaction with Franklin occurred when Pippio appeared in response to Franklin's request to see a supervisor and Pippio asked what was going on, stated "[b]uddy, you're barking up the wrong tree," and told Franklin that "if he had a problem with the stop, he could contact Twiggs County."  Docs. 26-4 ¶¶ 6-7, 9-10; 28 at 28:3-5, 30:14-32:15.  There is no clearly established law providing notice to Pippio that his conduct was unconstitutional or in violation of § 1985.

In sum, Pippio is entitled to qualified immunity on Franklin's § 1983 and § 1985 claims and his motion for summary judgment as to these claims (Doc. 26) is **GRANTED**.

**B. Claims Against the City**

The City argues it is entitled to summary judgment on Franklin's § 1983 and § 1985 claims because Franklin has not shown a "City custom or policy that caused him a constitutional [or statutory] violation."  Doc. 26-1 at 15.  The Court agrees as to Franklin's § 1983 claims.

The Supreme Court has placed strict limitations on municipal liability under § 1983.  *Grech v. Clayton Cty., Ga*., 335 F.3d 1326, 1329 (11th Cir. 2003).  A city "cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978) (emphasis in original).  Instead, only when the city's policy or custom causes a constitutional violation may a city be held responsible.  *Id*.

---

control the novel facts of the particular case—that is, the unconstitutionality of the instant conduct must be apparent by looking to the guiding principles of the previous case, irrespective of the underlying factual situation.  *Id*.  Third, Franklin can show that the conduct is so egregiously unconstitutional that prior case law is unnecessary.  *Id*.

Specifically, "to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Again, Franklin failed to address his claims against the City. *See generally* Doc. 30. In any event, the record does not support his claims. As explained previously, Franklin failed to establish that Pippio violated his constitutional rights. Even if Franklin had done so, "[a] single incident of a constitutional violation is insufficient to prove a policy or custom" necessary to state a claim for municipal liability." *Piazza v. Jefferson Cnty., Ala.*, 923 F.3d 947, 957 (11th Cir. 2019) (quoting *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1312 (11th Cir. 2011)). Franklin has not argued, much less shown, that *anyone* employed by the City violated his constitutional rights.[10] Nothing suggests that the City had a policy or custom that caused a deprivation of Franklin's rights. Franklin testified that he believed the City had a custom or policy "of not making officers turn on their body cams." Doc. 28 at 47:6-12, 49:4-20. But, even if this is true, how that custom or policy caused a constitutional violation is unclear.

As for Franklin's § 1985 claim, the City contends that the law surrounding municipal liability under § 1983 applies equally to § 1985 claims, citing a Florida district court case and a Second Circuit case. Doc. 26-1 at 14-15. The Court can find no controlling precedent supporting this application of the law. However, for the reasons

---

[10] The only individual Franklin mentions other than Pippio is the Twiggs County deputy who stopped him. Doc. 28 at 34:21-25; *see Turquitt v. Jefferson Cnty., Ala.*, 137 F.3d 1285, 1291 (11th Cir. 1998) (holding an entity cannot be held liable under *Monell* for actions of individuals it has no control over).

stated, there is nothing in the record to suggest that the City was involved in a conspiracy to violate Franklin's rights.

Accordingly, the City's motion for summary judgment on Franklin's § 1983 and § 1985 claims (Doc. 26) is **GRANTED**.

**C. State Law Claims**

The Court will not address Franklin's IIED claims against both defendants or his Georgia Open Records Act claim against the City.  Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise jurisdiction as to those claims over which it has supplemental jurisdiction once it has granted summary judgment on the claims over which it had original jurisdiction.  *Hicks v. Moore*, 422 F.3d 1246, 1255 n.8 (11th Cir. 2005); *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 745 (11th Cir. 2006).  In exercising its discretion, the court should consider comity, judicial economy, convenience, and fairness to the parties.  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1569 (11th Cir. 1994) (finding that the test as outlined in *Gibbs* should be used in accordance with § 1367).  The Eleventh Circuit has recognized "that when all federal claims are eliminated before trial, the *Gibbs* factors will ordinarily point toward dismissing the state claims as well." *Edwards v. Okaloosa Cnty.*, 5 F.3d 1431, 1433 (11th Cir. 1993) (citing *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Because the Court is granting summary judgment on Franklin's § 1983 and § 1985 claims against Pippio and the City—the claims over which it has original jurisdiction—the Court declines to exercise supplemental jurisdiction over Franklin's state law IIED and Georgia Open Records Act claims.  Accordingly, these claims are **DISMISSED without prejudice**.

## IV. CONCLUSION

For the above reasons, the defendants' motion for summary judgment (Doc. 26) is **GRANTED in part** as to Franklin's § 1983 and § 1985 claims.  The Court declines to exercise supplemental jurisdiction over Franklin's state law claims and those claims are **DISMISSED without prejudice**.[11]

**SO ORDERED**, this 9th day of July, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[11] Franklin's motions to compel (Docs. 23; 24) and motion for reconsideration of the Court's Order striking his surreply (Doc. 42) are **TERMINATED as moot**.